16 F.3d 422
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Eugene JUBRAY, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 93-3462.
 United States Court of Appeals, Federal Circuit.
 Dec. 23, 1993.
 
 Before ARCHER, MICHEL, SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner, Eugene Jubray, appeals from the decision of the Merit Systems Protection Board ("Board"), No. PH0752930183-I-1, of May 5, 1993, which became final on June 9, 1993. The Board affirmed the Navy's indefinite suspension action which was based on petitioner's loss of a security clearance. Because the petition for review was untimely filed with this court, we dismiss for lack of jurisdiction.
 
 DISCUSSION
 
 2
 Respondent, Department of the Navy, urges dismissal of this petition for lack of jurisdiction on the ground that it is barred by the time limitation set out in 5 U.S.C. Sec. 7703(b)(1), which states:
 
 
 3
 Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.
 
 
 4
 On May 7, 1993, petitioner and his representative were mailed copies of the initial decision of the regional Board. The decision included the notice that "[t]his initial decision will become final on Jun[e] 9, 1993, unless a petition for review is filed by that date or the Board reopens the case on its own motion." The decision included the additional notice that for judicial review "[t]o be timely, your petition must be received by the court no later than 30 calendar days after the date this initial decision becomes final." Petitioner did not file a petition for review by the Board, and so the initial decision became final on June 9, 1993. A petition for review by this court was therefore due for filing no later than July 9, 1993; however, the petition was not received until July 12, 1993 and filing occurs only upon receipt.
 
 
 5
 This court has held that "[t]he 30-day period for appeal is statutory, mandatory, [and] jurisdictional," Monzo v. Dep't of Transp., Federal Aviation Admin., 735 F.2d 1335, 1336 (Fed.Cir.1984), and, therefore, bars claims filed in an untimely manner. The court does not have the authority to waive a statutory deadline that was not impossible to meet. Pinat v. Office of Personnel Management, 931 F.2d 1544, 1546 (Fed.Cir.1991). This one was possible to meet. Because the petition for review was untimely filed, this court lacks jurisdiction to review the Board's decision.